UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

| | |
|---|---|
| Toccara Robinson, | : |
|     Plaintiff, | : |
| v. | : |
| Mariner Finance, LLC, | : |
|     Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Toccara Robinson, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

3. Plaintiff, Toccara Robinson ("Plaintiff"), is an adult individual residing in Imlay Gainesville, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Mariner Finance, LLC ("Mariner"), is a Maryland business entity with an address of 8211 Town Center Drive, Baltimore, Maryland 21236, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, MARINER began calling Plaintiff's cellular telephone, number 352-872-4008, using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from Mariner, she heard silence and had to wait on the line before she was connected to the next available representative.

7. In March 2019, Plaintiff spoke with a live representative and requested Mariner cease placing calls to her.

8. Nevertheless, Mariner continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12. Defendant's telephone system(s) have some earmarks of a predictive dialer.

13. When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative.

14. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C.  Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 4, 2019

Respectfully submitted,

By: */s/ Sergei Lemberg*

Sergei Lemberg, Esq,
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com